UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-6033 JGB (JPRx) | Date | November 13, 2024 |
|---|---|---|---|
| Title | *Mister Bailey v. Psychic, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause re Dismissal for Lack of Prosecution; and Limited Scheduling Order (IN CHAMBERS)

### I. Order to Show Cause

On July 18, 2024, Plaintiff Mister Bailey ("Plaintiff") filed a complaint against Defendants Psychic and Esperanza Lopez (jointly, "Defendants") asserting a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), and other state law claims. ("Complaint," Dkt. No. 1.) Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. Proc. 4(m). Generally, defendants must answer the complaint within 21 days after service (60 days if the defendant is the United States). Fed R. Civ. Proc. 12(a)(1).

Here, it appears that one or more of these time periods has not been met as no proof of service has been filed. Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing on or before **December 2, 2024**, why this action should not be dismissed for lack of prosecution. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court finds that this matter is appropriate for submission without oral argument. The Order to Show Cause will stand submitted upon the filing of proofs of service on or before the date upon which a response by Plaintiff is due. Failure to adequately respond to this order may result in the dismissal of this case.

//

### II. Limited Scheduling Order

The Court presides over many cases under the Americans with Disabilities Act ("ADA") involving physical barriers in places of public accommodation. Most of these cases are brought by a small number of repeat plaintiffs and an even smaller number of law firms. With respect to these cases, the Court finds:

1. The small number of repeat law firms in this area rarely prosecute their cases until the Court issues an order to show cause.

2. Many of these cases result in defaults, which subsequently requires that the Court send three orders to show cause: one for failure to serve, one for failure to seek entry of default, and one for failure to move for default judgment.

3. Given the enormous number of these cases, the need to track the lack of prosecution in these cases and send repeated orders to show cause has placed a significant burden on the limited resources of the Court.

Therefore, the Court finds there is good cause to institute a limited scheduling order concerning prosecution for ADA cases involving physical barriers in places of public accommodation. In such cases:

1. *Proofs of Service:* Proofs of service for all defendants must be filed by **December 2, 2024**.

2. *Requests for Default:* For any defendant who fails to respond to the Complaint within the time provided by the Federal Rules of Civil Procedure and for whom no extension has been granted, a request for default must be filed (1) no later than **7 days** after the time the response to the Complaint would have been due or (2) no later than **7 days** after filing the proofs of service if the response to the Complaint is already more than a week overdue.

3. *Motions for Default Judgment:* If only defaulted defendants remain in the case – that is, no other defendants were named or the claims against all other defendants have been resolved either by dismissal, motion, or trial – a motion for default judgment must be filed within **30 days** of the last entry of default. Note that the Court is not generally inclined to enter partial default judgments, and, therefore, a motion for default judgment should not be filed if some defendants have appeared and the case has not otherwise been completely resolved.

//
//
//

This Order serves as notice that failure to comply with any of the requirements set forth in this Order will **result in dismissal of the action in its entirety and/or the defendant that is**

**the subject of the required proof of service, request for default, or motion for default judgment.** Fed. R. Civ. P. 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30 (1962). Failure to comply may also result in monetary sanctions.

    **IT IS SO ORDERED.**